IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRACY YVETTE SCOTT, (Individually and on behalf of all others similarly situated) | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:20-cv-02261 |
| v. | § § | |
| MIKE BLOOMBERG 2020, INC., | § § | |
| Defendant. | § § | |

## NOTICE OF REMOVAL

Mike Bloomberg 2020, Inc. ("Defendant") notifies the Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and/or 1453, of the removal of the action styled *Tracy Yvette Scott, Individually and on behalf of all others similarly situated v. Mike Bloomberg 2020, Inc.*, Cause No. 2020-30649, filed in the 189th Judicial District Court, Harris County, Texas (the "State Court Action").

Defendant removes this case on the ground of the Court's original diversity jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, 28 U.S.C.§§ 1332(a)(1), 1441(a). Alternatively, Defendant removes this case under the Class Action Fairness Act of 2005 ("CAFA"). In support of removal, Defendant states as follows:

1.   Plaintiff Tracy Yvette Scott ("Plaintiff") filed the State Court Action on May 20, 2020. Defendant was served with process, including a copy of Plaintiff's Original Petition (the "Petition") in the State Court Action, on June 4, 2020. Removal is timely because no more than 30 days have elapsed since the Petition was served on Defendant. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

2. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders in the State Court Action have been indexed and are attached to this Notice of Removal as shown below:

| | |
|---|---|
| Exhibit A | Index of Matters Being Filed. |
| Exhibit B | A list of all counsel of record, including, addresses, telephone numbers and parties represented. |
| Exhibits C-E | Copies of all process, pleadings, and orders. |
| Exhibit F | A copy of the docket sheet in the State Court Action. |
| Exhibit G | A copy of Defendant's offer letter to Plaintiff. |

### I. Diversity Jurisdiction

3. Plaintiff in the State Court Action avers that she is a citizen of the State of Texas. *See* Petition ¶¶ 5, 7, attached as Ex. C. On information and belief, Defendant asserts that Plaintiff was at the time of filing of the Petition in the State Court Action, and is now, a citizen of the State of Texas. Defendant was at the time of filing of the Petition, and is now, a corporation organized and chartered under the laws of the State of Delaware with its principal place of business in New York. Thus, Defendant is a citizen of the States of Delaware and New York, and there is complete diversity of citizenship between Plaintiff and Defendant. 28 U.S.C. §§ 1332(c)(1), 1441(b).

4. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff asserts claims for promissory estoppel, fraudulent inducement, breach of express warranty, and breach of contract and seeks compensatory damages, exemplary damages, and reasonable and necessary attorney's fees. *See* Petition ¶¶ 17, 23–25, 30, 38 & Prayer for Relief, attached as Ex. C. Additionally, Plaintiff specifically claims that she has "been damaged by loss of employment, loss of income, loss of healthcare and expenses incurred to move forward without

employment." *Id.* ¶ 23. Plaintiff specifically avoids pleading the amount of damages she seeks, in contravention of Texas Rule of Civil Procedure 47(c). The evidence establishes, however, that Plaintiff's annual salary was $96,000. *See* Offer Letter at 1, attached as Ex. G. Plaintiff seeks lost wages from March "through November," Petition ¶ 7, which would total approximately $72,000. In addition to lost wages, however, Plaintiff also seeks other types of damages, including attorney's fees and punitive damages, as set forth above. Based on Plaintiff's allegations, her offer letter, and the types of damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

5. Should Plaintiff seek remand, Defendant intends to provide additional evidence regarding the amount in controversy. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

6. This case is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) inasmuch as this is a civil action brought in a state court over which this Court has original jurisdiction, in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

## II.     Original Subject-Matter Jurisdiction

7. Alternatively, Defendant removes this case under the Class Action Fairness Act of 2005 ("CAFA"). Although the Original Petition is purportedly styled as a class action, Plaintiff has not adequately pleaded the requisite class action allegations. To the extent the Original Petition can be construed as adequately pleading a class action lawsuit, removal is proper under CAFA.

**A.     Number of Putative Class Members**

8. Although Defendant disputes that Plaintiff has properly defined a putative class, it appears that any purported class would consist of individuals who are citizens of Texas and who

were employed by Defendant. *See* Petition ¶ 5 (alleging Defendant "promised and assured hardworking and dedicated Texans that were hired by the Bloomberg Campaign"); ¶ 7 (Defendant "made promises to hire Texans as campaign staffers"); and Ex. 1 (news article discussing "Texas Staff Jobs").

9. Based on Plaintiff's allegations, this lawsuit centers around whether Defendant made certain promises related to the employment of former Mike Bloomberg 2020, Inc. Texas campaign staff. Accordingly, individuals falling within that category—that is, individuals who are Texas residents or citizens and who were employed by Defendant—may be included in the proposed class definition. The number of persons employed by Defendant who were residents or citizens of, or domiciled in, Texas exceeded 200 individuals. Should Plaintiff file a motion to remand, Defendant would, at that time, offer evidence regarding the size of the putative class. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

**B.   Minimal Diversity of Citizenship**

10. CAFA requires only minimal diversity—in other words, at least one plaintiff must be from a different state than at least one defendant. *See Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.,* 485 F.3d 793, 797 (5th Cir. 2007). Minimal diversity exists here if at least one member of the putative class is a citizen of a different state than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

11. As discussed above, Defendant is a citizen of Delaware and New York, and Plaintiff is a citizen of Texas. *See supra* ¶ 3. Thus, as provided by 28 U.S.C. § 1332(d), minimal diversity exists between Defendant and at least one member of the putative class.

**C.   Amount in Controversy**

12. The amount in controversy in this purported class action exceeds $5,000,000, exclusive of interest and costs.

4

13. Although Defendant disputes Plaintiff's allegations and the propriety of certifying any putative class, if the Court were to certify the putative class proposed by Plaintiff, the amount in controversy will exceed $5,000,000, exclusive of interest and costs. Plaintiff seeks compensatory damages and claims that she has "been damaged by loss of employment, loss of income, loss of healthcare and expenses incurred to move forward without employment." Pet. ¶ 23. Plaintiff's claims alone exceed $75,000, and the amount in controversy for a class of over 200 Texas residents formerly employed by Defendant exceeds $5,000,000.

14. In sum, this Court has jurisdiction over this case under 28 U.S.C. §§ 1332(d) and 1453. To the extent the Original Petition is construed as a class-action lawsuit, it involves over 100 putative class members in which (1) at least one member of the class is a citizen of a different state than Defendant, and (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Thus, the State Court Action may be removed to this Court under 28 U.S.C. § 1441(a).

15. Any factual allegations made in this pleading will be supported by affidavit or other summary-judgment-type evidence should the Court so request. *See, e.g., Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84–85, 89 (considering a case removed under CAFA and concluding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[, and e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation"); *Allen*, 63 F.3d at 1336; *Burden*, 60 F.3d at 217.

### III.   Other Procedural Requirements

16. This action may be removed to the United States District Court for the Southern District of Texas, Houston Division, because the action is pending in Harris County, Texas, which is within the Houston Division. *See* 28 U.S.C. §§ 124(a)(1), 1441(a), 1446(a).

17. Defendant will give written notice of the filing of this Notice to Plaintiff and will file a copy of this Notice with the Clerk of the state court pursuant to 28 U.S.C. § 1446(d).

18. Defendant therefore removes the State Court Action to this Court and requests that the Court issue any orders necessary to stay proceedings in the State Court Action and assume jurisdiction over this action for all purposes.

Dated:  June 26, 2020.

Respectfully submitted,

*/s/ Greg W. Curry*
Greg W. Curry
State Bar No. 05270300
Federal I.D. No. 16736
Greg.Curry@tklaw.com
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas  75201
(214) 969-1700
(214) 969-1751 (facsimile)

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL FOR DEFENDANT:**

Rex VanMiddlesworth
State Bar No. 20449400
Federal I.D. No. 2978
Rex.Vanm@tklaw.com
Thompson & Knight LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701
(512) 404-6701
(512) 482-5087 (facsimile)

J. Meghan Nylin McCaig
State Bar No. 24070083
Federal I.D. No. 1804619
Meghan.McCaig@tklaw.com
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas  75201
(214) 969-1700
(214) 969-1751 (facsimile)

Emily W. Miller
Texas Bar No. 24079527
Federal I.D. No. 1366940
Emily.Miller@tklaw.com
Thompson & Knight LLP
811 Main Street, Suite 2500
Houston, Texas 77002
(713) 654-8111
(713) 654-1871 (facsimile)

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 26th day of June, 2020, I transmitted the attached document to counsel for Plaintiff Tracy Yvette Scott via facsimile and electronic mail as reflected below:

  Carrol G. Robinson
  Nekketta M. Archie
  Facsimile: (713) 526-2902
  Email: info@rlglawpllc.com

                */s/ J. Meghan Nylin McCaig*
                J. Meghan Nylin McCaig